UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MICHAEL RUSSO**<br>    Plaintiff | Case Number |
| vs. | CIVIL COMPLAINT |
| **TRANS UNION, LLC**<br>    &<br>**EXPERIAN INFORMATION SOLUTIONS, INC.**<br>    &<br>**EQUIFAX INFORMATION SERVICES, LLC**<br>    &<br>**CAPITAL ONE, N.A.**<br>    &<br>**DISCOVER FINANCIAL SERVICES**<br>    &<br>**BARCLAYS BANK DELAWARE**<br>    &<br>**BANK OF AMERICA CORPORATION**<br>    Defendants | JURY TRIAL DEMANDED |

### COMPLAINT AND JURY DEMAND

**COMES NOW,** Plaintiff, Michael Russo, by and through his undersigned counsel, Brent F. Vullings, Esquire of Vullings Law Group, LLC, complaining of Defendants, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiff, Michael Russo, is an adult natural person and he brings this action for actual and statutory damages and other relief against Defendants for violations of the Fair Credit Reporting Act and Fair Credit Billing Act, as well as for relief from Defamation of Character.

1

## II. JURISDICTION & VENUE

2.	Jurisdiction of this Court arises under 15. U.S.C. § 1681p and 28 U.S.C. §1337.

3.	Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b).

## III. PARTIES

4.	Plaintiff, Michael Russo (hereinafter referred to as "Plaintiff") is an adult natural person residing at 711 Amsterdam Avenue #9I, New York, New York 10025.

5.	Defendant, Trans Union, LLC (hereinafter referred to as "Defendant Trans Union"), at all times hereto, is and was a limited liability company engaged in the business of nationwide consumer reporting with a principal office located at 1510 Chester Pike, Crum Lynne, Pennsylvania 19022.

6.	Defendant, Experian Information Solutions, Inc. (hereinafter referred to as "Defendant Experian"), at all times relevant hereto, is and was a corporation engaged in the business of nationwide consumer reporting with an address of 955 American Lane, Schaumburg, Illinois 60173.

7.	Defendant, Equifax Information Services, LLC (hereinafter referred to as "Defendant Equifax"), at all times relevant hereto, is and was a Limited Liability Company engaged in the business of nationwide consumer reporting with an address of 1550 Peachtree Street Northeast, Atlanta, Georgia 30309.

8.	Defendant, Capital One, N.A. (hereinafter referred to as "Defendant Cap One"), at all times relevant hereto, is and was a national association engaged in the business of consumer lending with an address of 15 West South Temple, Suite 1701, Salt Lake City, Utah 84101.

9. Defendant, Discover Financial Services (hereinafter referred to as "Defendant Discover"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 1209 Orange Street, New Castle, Delaware 19801.

10. Defendant, Barclays Bank Delaware (hereinafter referred to as "Defendant Barclays"), at all times relevant hereto, is and was a company engaged in the business of consumer lending with an address of 100 West Street, Wilmington, Delaware 19801.

11. Defendant, Bank of America Corporation (hereinafter referred to as "Defendant BOA"), at all times relevant hereto, is and was a corporation engaged in the business of consumer lending with an address of 1200 South Pine Island Road, Plantation, Florida 33324.

## IV. FACTUAL ALLEGATIONS

12. Defendant Cap One has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian and Equifax regarding accounts ending in -7805**** and -4709****.

13. The information furnished by Defendant Cap One and published by Defendants Trans Union, Experian and Equifax is inaccurate in that the accounts were not opened by the Plaintiff and Plaintiff did not authorize anyone to open these accounts in his name.

14. Defendant Discover has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian and Equifax regarding an account ending in -1120****.

15. The information furnished by Defendant Discover and published by Defendants Trans Union, Experian and Equifax is inaccurate in that the account was not opened by the Plaintiff and Plaintiff did not authorize anyone to open this account in his name.

16. Defendant Barclays has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian and Equifax regarding an account ending in -0229****.

17. The information furnished by Defendant Barclays and published by Defendants Trans Union, Experian and Equifax is inaccurate in that the account was not opened by the Plaintiff and Plaintiff did not authorize anyone to open this account in his name.

18. Defendant BOA has been inaccurately furnishing credit data on Plaintiff's credit reports as published by Defendants Trans Union, Experian and Equifax regarding accounts ending in -0066**** and -6452****.

19. The information furnished by Defendant BOA and published by Defendants Trans Union, Experian and Equifax is inaccurate and completely unsubstantiated in that the account balances, past due balances and payment history have all been consistently reported in a way which is factually incorrect, unsubstantiated, and materially misleading.

20. Plaintiff provided Defendant BOA with notice of the erroneous balance as a result of fraudulent charges on the account in writing and via repeated telephone calls.

21. Despite the Plaintiff's previous disputes, Defendant BOA continued to add interest and fees and change balances, and Defendant BOA continued to report the said accounts with such interest and fees.

22. Thus, in addition to the invalid charges, Plaintiff also incurred invalid interest and fees as a result of Defendant BOA's actions and inactions.

23. Despite Plaintiff's disputes, Defendant BOA continues to send Plaintiff erroneous statements and/or bills.

24. On or about June 26, 2019, Plaintiff disputed the accuracy of the trade lines of Defendants Cap One, Discover, Barclays and BOA with Defendants Trans Union, Experian and Equifax.

25. In his disputes, Plaintiff advised Defendants Trans Union, Experian and Equifax that their credit reporting as to these alleged accounts was inaccurate.

26. Defendants Trans Union, Experian and Equifax acknowledged receipt of Plaintiff's disputes.

27. It is believed and therefore averred that Defendants Trans Union, Experian and Equifax notified Defendants Cap One, Discover, Barclays and BOA of Plaintiff's dispute.

28. Notwithstanding Plaintiff's efforts, and following Plaintiff's disputes, Defendants Trans Union, Experian and Equifax indicated their intent to continue publishing the inaccurate information and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors.

29. Defendants have never: (1) contacted Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; nor (2) contacted any third parties that would have relevant information concerning Plaintiff's disputes.

30. Defendants Cap One, Discover, Barclays and BOA have furnished and continue to furnish false, deceptive and misleading credit data regarding Plaintiff to Defendants Trans Union, Experian and Equifax in connection with their efforts to collect these fraudulent debts.

31. Despite Plaintiff's exhaustive efforts to date, Defendants nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the

inaccurate information, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about Plaintiff.

32. As of the date of the filing of this Complaint, Defendants Cap One, Discover, Barclays and BOA continue to furnish credit data which is incorrect and materially misleading, and Defendant Trans Union's, Experian's and Equifax's reporting of the above-referenced trade lines continues to be incorrect and materially misleading.

33. The Defendants acted with actual malice in willfully continuing to report incorrect and misleading information on Plaintiff's credit, knowing full well that other creditors were accessing the Plaintiff's credit report, all to the Plaintiff's detriment and loss.

34. Defendants' erroneous reporting continues to affect Plaintiff's creditworthiness.

35. As a result of Defendants' continued inaccurate credit reporting, Plaintiff's credit worthiness has deteriorated substantially thereby causing the Plaintiff to be denied credit by American Express and other lending institutions, refrain from applying for additional credit, and being estopped from refinancing his student loans at a much better rate.

36. As a result of Defendants' actions and inactions, Plaintiff has suffered actual damages and serious financial harm arising from monetary losses relating to credit denials, loss of use of funds, loss of credit and loan opportunities, excessive and/or elevated interest rate and finance charges, out-of-pocket expenses including but not limited to, cellular telephone minutes, postage, faxing and other related costs, all which will continue into the future to Plaintiff's great detriment and loss.

37. As a result of Defendants' actions and inactions, Plaintiff has suffered great physical, emotional and mental pain and anguish, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

38. As a result of Defendants' actions and inactions, Plaintiff has suffered actual damages in the form of financial and dignitary harm arising from the injury to credit rating and reputation, and Plaintiff will continue to suffer the same for an indefinite time into the future, all to Plaintiff's great detriment and loss.

39. As a result of Defendants' actions and inactions, Plaintiff has suffered a decreased credit score as a result of the inaccurate information and of multiple inquiries appearing on Plaintiff's credit file.

### COUNT I – FCRA
*Plaintiff v. All Parties*

40. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

41. At all times pertinent hereto, Defendants Trans Union, Experian and Equifax were "consumer reporting agencies" as those terms are defined by 15 U.S.C. §1681a (b) and (f).

42. At all times pertinent hereto, Defendants Cap One, Discover, Barclays and BOA were "furnishers" within the meaning and context of the Fair Credit Reporting Act.

43. At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

44. At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. §1681a (d).

45. Pursuant to 15U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Trans Union, Experian and Equifax are liable to the Plaintiff for engaging in the following conduct:

  (a) Willfully and negligently failing to delete the inaccurate information from Plaintiff's credit file after reinvestigation, in violation of 15 U.S.C. §1681i(a);

(b) Willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b);

(c) Willfully and negligently failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy;

(d) Willfully and negligently continuing to furnish and disseminate inaccurate information and derogatory credit account and other information despite having knowledge of its inaccuracy and/or inability to be verified; and

(e) Willfully and negligently failing to communicate that a disputed debt is disputed, in violation of 15 U.S.C. §1681e (8).

46. Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants Cap One, Discover, Barclays and BOA are liable to the Plaintiff for willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C §1681s-2(b).

47. The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against said Defendants, for the following:

a. Actual damages;

      b.      Statutory damages pursuant to 15 U.S.C. §1681n;

      c.      Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1681o; and

      d.      Such addition and further relief as may be appropriate or that the interests of justice require.

## COUNT II – FCBA

*Plaintiff v. Bank of America Corporation*

48. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

49. Despite Plaintiff's disputes, Defendant BOA continues to send Plaintiff erroneous statements and/or bills.

50. Defendant BOA continued to report the account balance on Plaintiff's credit report as if it were owed.

51. Plaintiff provided Defendant BOA with notice of this error in writing and repeated telephone calls.

52. Defendant BOA's continued reporting of these accounts constitutes an attempt to collect the alleged debts even after they mailed Plaintiff a statement or bill.

53. Pursuant to 15 U.S.C. §1666a, Defendant BOA is liable to the Plaintiff for reporting as delinquent to a third party a known erroneous and disputed balance.

54. The conduct of Defendant BOA was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendant Barclays is liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorneys' fees and the costs of litigation, as well as such further relief, as may be permitted by law.

**WHEREFORE,** Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant Barclays for the following:

a. Actual damages;

b. Statutory damages;

c. Reasonable attorney's fees and costs of suit; and

d. Such addition and further relief as may be appropriate or that the interests of justice require.

### COUNT III – DEFAMATION OF CHARACTER
*Plaintiff v. Trans Union, LLC, Experian Information Solutions, Inc. & Equifax Information Services LLC*

55. Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

56. Defendants have published the inaccurate information through writing to various creditors, prospective credit grantors, individuals, entities, and other credit reporting agencies regarding Plaintiff's credit history.

57. Defendants have published the inaccurate information each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors, furnisher or other source.

58. The inaccurate information published by Defendants is false in that it inaccurately reflects Plaintiff's credit information, and paints Plaintiff in a false financial light.

59. Defendants have published the inaccurate information to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

60. The falsehoods within the trade lines of Cap One, Discover, Barclays and BOA constitute falsehoods concerning Plaintiff's credit history.

61. Defendants knew or reasonably should have known that the information regarding the trade lines of Cap One, Discover, Barclays and BOA which they have published and re-published on Plaintiff's credit reports are incorrect and false as Plaintiff has notified them of such.

62. Defendants continue to publish the false and negative information within the trade lines of Cap One, Discover, Barclays and BOA on Plaintiff's credit history up through the present time.

63. Defendants knew that the information within the trade lines of Cap One, Discover, Barclays and BOA on Plaintiff's credit report was false and had no factual basis. Defendants nonetheless continued to publish and re-publish the inaccurate information.

64. The publications of the information within the trade lines of Cap One, Discover, Barclays and BOA on Plaintiff's credit report constitutes libel *per se*.

65. In addition, and despite the notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom said Defendants provide credit information concerning the Plaintiff.

66. The conduct of Defendant was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, said Defendant is liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

**WHEREFORE**, Plaintiff respectfully requests that this court enter judgment in his favor and against the aforementioned Defendant for the following:

a. Actual damages;

b. Statutory damages;

c. Punitive damages;

d. An order directing the Defendants immediately and permanently delete all of the inaccurate information from Plaintiff's credit reports and files and cease reporting the inaccurate information to any and all persons and entities to whom they report consumer credit information; and

e. Such addition and further relief as may be appropriate or that the interests of justice require.

## V. JURY DEMAND

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**VULLINGS LAW GROUP, LLC**

Date: September 3, 2019

BY: */s/Brent F. Vullings bfv8435*
Brent F. Vullings, Esquire
Vullings Law Group, LLC
3953 Ridge Pike
Suite 102
Collegeville, PA 19426
P: 610-489-6060
F: 610-489-1997
Attorney for Plaintiff
bvullings@vullingslaw.com