IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL RUSSO,** | : | |
| *Plaintiff* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| **TRANS UNION, LLC, *et al.*,** | : | **No. 19-4007** |
| *Defendants* | : | |

## MEMORANDUM

PRATTER, J.                                                                                          AUGUST 24, 2020

Michael Russo alleges that seven entities violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, by inaccurately furnishing or publishing credit data on his credit reports. As to Discover,[1] Mr. Russo alleges that it failed to remove allegedly inaccurate credit data on his Discover credit card account. Discover moves to compel arbitration and to stay the proceedings.[2] Mr. Russo contends that Discover has waived its right to invoke its arbitration agreement. After taking into consideration the totality of the circumstances, the Court concludes that Discover did not waive its right to compel arbitration. Accordingly, the Court grants Discover's motion to compel arbitration and stays Mr. Russo's claims as to Discover.

### BACKGROUND

On December 17, 2014, Mr. Russo applied for a credit card account with Discover. That same day, Mr. Russo's application was accepted and an account was opened. The terms and

---

[1] In his complaint, Mr. Russo improperly named Discover Bank as "Discover Financial Services."

[2] Discover also filed a motion seeking to stay discovery as to Discover pending the Court's decision on its motion to compel arbitration. Instead of staying discovery outright—and given the quickly approaching fact discovery deadlines at the time in which Discover filed its motions—the Court afforded all parties a modest extension of deadlines, with fact discovery now due on October 1, 2020. Based on the parties' supplemental briefing, it seems as though the parties have taken advantage of the deadline extensions. With the amended scheduling order in place and the Court's granting of Discover's motion to compel arbitration, the Court deems moot Discover's motion to stay discovery.

1

conditions of the account are governed by a Cardmember Agreement, which was provided to Mr. Russo the following day, along with the actual credit card. The Cardmember Agreement is "governed by applicable federal law and by Delaware law." Wantuch Decl, Ex. B at 3 (Doc. No. 47-2). The agreement contained the following arbitration clause:

### ARBITRATION

> **Agreement to arbitrate.** If a dispute arises between you and us, either may choose to resolve the dispute by binding arbitration, as described below, instead of in court. Any claim (except for a claim challenging the validity or enforceability of this arbitration agreement, including the Class Action Waiver) may be resolved by binding arbitration if either side requests it. This includes claims and disputes relating to any other Account or agreement you have or had with us. THIS MEANS IF EITHER YOU OR WE CHOOSE ARBITRATION, NEITHER PARTY SHALL HAVE THE RIGHT TO LITIGATE SUCH CLAIM IN COURT OR TO HAVE A JURY TRIAL. ALSO DISCOVERY AND APPEAL RIGHTS ARE LIMITED IN ARBITRATION.

*Id.*

The arbitration provision also states that it is "governed by the Federal Arbitration Act (FAA)." *Id.* The agreement, in pertinent part, further states:

> You accept this Agreement if you do not cancel your Account within 30 days after receiving a Card. You also accept this Agreement if you or an Authorized User use the Account. You may, however, reject the "Arbitration of Disputes" section as explained in that section.

Wantuch Decl., Ex. B at 1 (Doc. No.47-2).

Mr. Russo used the account and never rejected the arbitration agreement. According to Discover, Mr. Russo used the account and made payments on the account through May 2015.

Mr. Russo brought this action against Discover and six other defendants in September 2019. Two of the defendants have since been dismissed. As to Discover, Mr. Russo alleges that

Discover violated the FCRA by inaccurately furnishing credit data on Mr. Russo's credit reports concerning his Discover account.

Two and a half weeks after Mr. Russo commenced this action, the Court issued a notice instructing the parties that an initial pretrial conference had been scheduled and that the parties were to meet and confer and submit a joint report of their Rule 26(f) meeting and proposed discovery plan.[3] All parties did as instructed. In this report, Discover informed the Court that it and Mr. Russo entered into a binding arbitration agreement between Mr. Russo and Discover, that discovery is improper in this forum, and that Discover would move to compel arbitration if necessary. This statement was consistent with an affirmative defense Discover raised in its answer, filed less than a month after this action commenced. *See* Discover Answer, Aff. Def. at ¶ 18 (Doc. No. 24) ("Plaintiff's claims are subject to binding arbitration pursuant to the arbitration agreement contained in the terms and conditions governing any account issued by Discover to Plaintiff. Discover reserves the right to compel arbitration of the claims contained in the Complaint pursuant to the applicable agreement agreed to by Plaintiff.").

In May 2020, Discover filed a motion to compel arbitration and a motion to stay discovery as to Discover. In his response in opposition to the motion to compel arbitration, Mr. Russo asserted that Discover waived its right to arbitration after having waited months to file its motion to compel arbitration. After Discover did not respond to Mr. Russo's waiver argument, the Court ordered Discover to file supplemental briefing concerning whether it waived its right to arbitration. The Court permitted Mr. Russo an opportunity to respond to Discover's supplemental briefing, which he acted upon. The motion is now ripe for the Court's consideration.

---

[3] Due to various scheduling conflicts, the initial pretrial conference was subsequently rescheduled for the end of March 2020. Once it became apparent that in-person conferences would no longer be taking place due to the ongoing pandemic, the Court entered an initial scheduling order at the beginning of April 2020.

3

## LEGAL STANDARD

The Federal Arbitration Act (FAA), 9 U.S.C. § 1, *et seq.*, "established a strong federal policy in favor of compelling arbitration over litigation." *Sandvik AB v. Advent Int'l Corp.*, 220 F.3d 99, 104 (3d Cir. 2000). The primary substantive provision of the FAA, § 2, provides that a written agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (citing 9 U.S.C. § 2).

"Before compelling a party to arbitrate pursuant to the FAA, a court must determine that (1) there is an agreement to arbitrate and (2) the dispute at issue falls within the scope of that agreement." *Century Indem. Co. v. Certain Underwriters at Lloyd's*, 584 F.3d 513, 523 (3d Cir. 2009). "To determine whether the parties have agreed to arbitrate, [courts] apply 'ordinary state-law principles that govern the formation of contracts.'" *Id.* at 524 (quoting *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1955)). "[O]nce a court has found that there is a valid agreement to arbitrate, . . . the determination of whether 'a particular dispute is within the class of those disputes governed by the arbitration clause . . . is a matter of federal law.'" *Id.* (quoting *China Minmetals Materials Imp. & Exp. Co., Ltd. v. Chi Mei Corp.*, 334 F.3d 274, 290 (3d Cir. 2003)). When making such a determination, "'there is a presumption of arbitrability[:] an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *Id.* (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)) (alterations in original).

District courts in this circuit apply two different standards when considering a motion to compel arbitration. "[W]hen it is apparent, based on 'the face of a complaint, and documents relied

upon in the complaint,' that certain of a party's claims 'are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay.'" *Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 716 F.3d 764, 776 (3d Cir. 2013) (quoting *Somerset Consulting, LLC v. United Capital Lenders, LLC*, 832 F. Supp. 2d 474, 482 (E.D. Pa. 2011)). However, "if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then 'the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question.'" *Id.* (citing *Somerset*, 832 F. Supp. 2d at 482). Under the latter circumstances, courts apply a summary judgment standard. *See id.*[4]

"Although arbitration agreements governed by the FAA are to be liberally enforced, courts will not compel arbitration when the party who seeks to arbitrate has waived its right to do so." *Bitton v. Healthcare Serv. Grp, Inc.*, No. 17-2580, 2019 WL 415570, at *2 (E.D. Pa. Feb. 1, 2019) (internal citations omitted). "[W]aiver of the right to arbitrate based on litigation conduct remains presumptively an issue for the court to decide." *Ehleiter v. Grapetree Shores, Inc.*, 482 F.3d 207, 221 (3d Cir. 2007).

"Consistent with the strong preference for arbitration in federal courts, waiver is not to be lightly inferred . . . ." *In re Pharm. Ben. Managers Antitrust Litig.*, 700 F.3d 109, 117 (3d Cir. 2012) (internal quotation marks and citations omitted). Typically, a court may determine that a

---

[4] When applying the standard set forth under Rule 56, the Court shall grant summary judgment when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986). A fact is "material" if its existence or non-existence may affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In applying this standard, "the court must draw all reasonable inferences in favor of the nonmoving party." *Guidotti*, 716 F.3d at 772.

movant waived contractual rights to arbitration "where the demand for arbitration came long after the suit commenced and when both parties had engaged in extensive discovery." *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191, 208 (3d Cir. 2010) (quoting *PaineWebbler Inc. v. Faragalli*, 61 F.3d 1063, 1068-69 (3d Cir. 1995)). Additionally, courts may "refuse to enforce an arbitration agreement where a party has acted inconsistently with the right to arbitrate." *In re Pharm.*, 700 F.3d at 117 (internal citations and quotation marks omitted). Courts "will not hesitate to hold that the right to arbitrate has been waived where a sufficient showing of prejudice has been made by the party seeking to avoid arbitration." *Hoxworth v. Blinder, Robinson & Co., Inc.*, 980 F.2d 912, 926 (3d Cir. 1992). This is because "prejudice is the touchstone for determining whether the right to arbitrate has been waived by litigation conduct." *Zimmer v. CooperNeff Advisors, Inc.*, 523 F.3d 224, 231 (3d Cir. 2008) (internal quotation marks omitted).

To aid the Court's analysis of whether a movant has waived arbitration, the Third Circuit Court of Appeals has identified a list of six nonexclusive factors that are "generally . . . indicative of whether a party opposing arbitration would suffer prejudice attributable to the other party's delay in seeking arbitration":

> (1) timeliness or lack thereof of the motion to arbitrate; (2) extent to which the party seeking arbitration has contested the merits of the opposing party's claims; (3) whether the party seeking arbitration informed its adversary of its intent to pursue arbitration prior to seeking to enjoin the court proceedings; (4) the extent to which a party seeking arbitration engaged in non-merits motion practice; (5) the party's acquiescence to the court's pretrial orders; and (6) the extent to which the parties have engaged in discovery.

*Gray Holdco, Inc. v. Cassady*, 654 F.3d 444, 451 (3d Cir. 2011) (citing *Hoxworth*, 980 F.2d at 926-27).

"Not all the factors need be present to justify a finding of waiver, and '[t]he waiver determination must be based on the circumstances and context of the particular case.'" *Nino*, 609 F.3d at 209 (quoting *Doctor's Assocs., Inc. v. Stuart*, 85 F.3d 975, 981 (2d Cir. 1996)).

## DISCUSSION

Mr. Russo does not challenge the validity or scope of the arbitration agreement. Rather, he exclusively argues that Discover waived its rights to compel arbitration. The Court addresses the validity of the agreement, the scope of the agreement, and waiver below.

### I.  Whether the Dispute Falls Within Scope of a Valid and Enforceable Agreement to Arbitrate

As to Discover, Mr. Russo broadly alleges in his complaint that Discover has been inaccurately furnishing credit data on Mr. Russo's credit reports. Compl. at ¶ 14 (Doc. No. 1). Because the complaint and supporting documents are unclear regarding the agreement to arbitrate and because Discover relies on its declaration in support of its motion, the Court applies the summary judgment standard. Mr. Russo did not submit any evidence in defending against this motion.

Delaware law governs the parties' agreement. Under Delaware law, contract formation requires an offer, acceptance, and mutual assent. *See Grasso v. First USA Bank*, 713 A.2d 304, 308 (Del. Super. Ct. 1998). As noted, Mr. Russo does not dispute that the agreement is valid and enforceable or that the dispute at issue is within the scope of the agreement. In any event, Discover's evidence demonstrates that Mr. Russo entered into a valid agreement to arbitrate. After Mr. Russo applied for a credit card account with Discover, Discover offered to open the account for Mr. Russo subject to the terms and conditions outlined in the Cardmember Agreement. Although the agreement provided Mr. Russo an opportunity to reject arbitration by sending Discover a written notice of rejection within 30 days of Mr. Russo's receipt of the card, he never

7

sent such notice. By using the account, Mr. Russo accepted the terms and conditions of the Cardmember Agreement.

As for the scope of the agreement, the FAA mandates that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone*, 460 U.S. at 25 (citations omitted). "[T]he party resisting arbitration bears the burden of proving that the claims at issue are unsuitable for arbitration." *Green Tree Fin. Corp.-Alabama v. Randolph*, 531 U.S. 79, 93 (2000).

The arbitration agreement expressly applies to "any claim" arising between Mr. Russo and Discover. Wantuch Decl, Ex. B at 3 (Doc. No. 47-2). Because Mr. Russo's claim is based on Discover's purported inaccurate reporting of his Discover credit card account, such a claim falls squarely within the scope of the arbitration agreement. *See Kilberg v. Discover Fin. Serv.*, No. 16-5168, 2017 WL 3528005, at \*\*11-12 (D.N.J. Aug. 16, 2017) (finding a claim within the scope of that plaintiff's arbitration agreement with Discover where it "naturally arises from and is related to Plaintiff's Credit Card Account").

Therefore, the Court finds that Mr. Russo's claims fall within the scope of a valid and enforceable arbitration agreement.

## II. Whether Discover Waived its Right to Invoke Arbitration

Mr. Russo asserts that Discover waived its right to enforce arbitration. After assessing Discover's alleged waiver under the *Hoxworth* factors, the Court disagrees.

### A. Timeliness of the Motion

The Court first considers whether Discover timely moved to compel arbitration. The length of a delay, on its own, is not determinative. *Zimmer*, 523 F.3d at 232. On the one hand, this factor clearly weighs against waiver where the movant moves to compel arbitration in a reasonably swift

fashion. *Palcko v. Airbone Express, Inc.*, 372 F.3d 588, 598 (3d Cir. 2004) (38 days); *Wood v. Prudential Ins. Co. of Am.*, 207 F.3d 674, 680 (3d Cir. 2000) (one and a half months); *PaineWebber*, 61 F.3d at 1069 (two months); *Gavlik Constr. Co. v. H.F. Campbell Co.*, 526 F.2d 777, 783-84 (3d Cir. 1975) (immediately after removal to federal court); *Schultz v. Midland Credit Mgmt., Inc.*, No. 16-4415, 2019 WL 2083302, at *4 (D.N.J. May 13, 2019) (four months). On the other hand, courts have found waiver when assessing more significant delays. *In re Pharm*, 700 F.3d at 118 (ten months); *Gray Holdco*, 654 F.3d at 454 (ten months); *Hoxworth*, 980 F.2d at 925 (11 months); *Nino*, 609 F.3d at 210 (fifteen months); *Ehlleiter*, 482 F.3d at 223 (four years). In analyzing this factor, the Court may also consider whether there is a satisfactory explanation for the delay. *See In re Pharm*, 700 F.3d at 118 (finding significant that the movant offered no explanation for a ten-month delay); *Gray Holdco*, 654 F.3d at 454 (same).

Here, Discover moved to compel arbitration more than eight months after Mr. Russo filed his complaint. But Discover stresses that the delay purportedly resulted from its efforts to convince Mr. Russo to honor his contractual obligations without seeking Court intervention and Mr. Russo's non-responsiveness to repeated requests to stipulate to arbitration. Discover contends that it filed its motion to compel arbitration once it became clear that Mr. Russo had no sincere interest in following the arbitration agreement. Mr. Russo contends that the parties never extensively discussed arbitration prior to Discover's filing of its motion to compel arbitration. Presented with this "he said, she said" situation—and with neither parties' representations supported by evidence—the Court focuses on the length of the delay. In doing so, it finds that this factor weighs ever so slightly in favor of waiver. *Price v. UBS Fin. Serv., Inc.*, No. 17-1882, 2018 WL 1203471, at *4 (D.N.J. Mar. 8, 2018) (finding that "the elapsed time of more than eight months leans toward

waiver"). *Cf. Schall v. Adecco U.S.A., Inc.*, No. 10-2526, 2011 WL 294032, at *2 (E.D. Pa. Jan. 28, 2011) ("A seven-month delay does not weigh heavily in [non-movant's] favor.").

### B. Extent to which Discover has Contested the Merits of Mr. Russo's Claims

Second, the Court addresses the extent to which Discover has contested the merits of Mr. Russo's claims. Here, Discover has not argued the merits of Mr. Russo's claims beyond filing its answer. Although Discover included various affirmative defenses in its answer, it has not engaged in any motions practice on the merits. "An answer alone is not a waiver of arbitration rights." *Schall*, 2011 WL 294032, at *2 (citing *Coca-Cola Bottling Co. of N.Y., Inc. v. Soft Drink and Brewery Workers Union Local 812*, 242 F.3d 52, 57-58 (2d Cir. 2001)). Therefore, this factor weighs against waiver.

### C. Whether Discover Provided Notice

The Court next assesses whether Discover informed Mr. Russo of its intent to pursue arbitration prior to filing this motion. Despite Mr. Russo's repeated assertions to the contrary, Discover did in fact "demand or suggest" arbitration in its answer, which it filed less than a month after Mr. Russo commenced this action. Pl.'s Resp. in Opp'n at 5 (Doc. No. 49-2). In fact, Discover pleaded, in pertinent part, the following affirmative defense:

> Plaintiff's claims are subject to binding arbitration pursuant to the arbitration agreement contained in the terms and conditions governing any account issued by Discovery to Plaintiff. Discover reserves the right to compel arbitration of the claims contained in the Complaint pursuant to the applicable agreement agreed to be Plaintiff.

Discover Answer, Aff. Def. at ¶ 18 (Doc. No. 24).

In the parties' joint Rule 26(f) report, prepared in anticipation of an initial pretrial conference, Discover again stated that there is a binding arbitration agreement between Mr. Russo and Discover, that discovery is improper in this forum, and that Discover would move to compel

arbitration if necessary (*i.e.*, if Mr. Russo would not stipulate to arbitration). Discover asserts that the parties also engaged in months of discussions about stipulating to arbitration.

In *Nino v. Jewelry Exch., Inc.*, 609 F.3d 191 (3d Cir. 2010), the Third Circuit Court of Appeals found that asserting arbitration as an affirmative defense discloses the possibility that a defendant will seek to compel arbitration, but that the significance of that disclosure diminishes the longer that defendant pursues litigation with no further indication that a motion to compel arbitration is forthcoming. *See id.* at 211-12 ("In the waiver context, where prejudice to the non-movant is key, an initial invocation of the defense of arbitration becomes less significant the longer and more actively a party litigates after having made the initial invocation without making any further mention of arbitration."). Discover has pursued its insistence on arbitration. Thus, this factor weighs against waiver.

### D. Extent to which Discover Engaged in Non-Merits Motion Practice

The fourth factor—the extent of non-merits motion practice—weighs against a finding of waiver. Discover has not engaged in any non-merits motions practice apart from the motion to compel arbitration and related motion to stay discovery. Excluding one simple motion for *pro hac vice* admission, no party has pursued motion practice.

### E. Discover's Acquiescence to the Court's Pretrial Orders

Pursuant to the fifth factor, the Court assesses the movant's acquiescence to the Court's pretrial orders. Here, Discover complied with the Court's notice directing the parties to confer pursuant to Rule 26(f) and to complete and submit to the joint Rule 26(f) report and proposed discovery plan. Similar levels of acquiescence have been found to weigh in favor of waiver. *See, e.g., PDC Machines Inc. v. Nel Hydrogen A/S*, No. 17-5399, 2018 WL 4006378, at *9 (E.D. Pa. Aug. 22, 2018) (finding this factor weighs in favor of waiver where the defendants complied with

Court order to complete Rule 26(a) disclosures, to confer pursuant to Rule 26(f), to complete a joint Rule 16 conference information report, agreeing to the Court's proposed 90-day discovery period, and working with the other party to submit a joint proposed case management order). However, such a conclusion would seem to encourage parties to ignore or otherwise frustrate the presiding court's case management efforts. Worse, such a result risks involving the Court—inadvertently to be sure—in a "gotcha" scenario. Neither is desirable or fair. The Court realizes that this factor may weigh slightly in favor of waiver. *See, e.g., In re Pharm.*, 700 F.3d at 119 (finding this factor "weigh[ed] somewhat in favor of waiver" where the defendant attended and participated in hearings on its motion to dismiss and motion for reconsideration and did not object to the court's orders "setting dates for the pretrial conference, and instructing the parties to submit a discovery plan and proposed case management order"). Nonetheless, this Court considers this factor, in this case, to be no more than neutral.

### F. Extent to which the Parties have Engaged in Discovery

Finally, the Court considers the extent to which the parties have engaged in discovery. Mr. Russo characterizes the parties' discovery efforts as substantial; Discover insists they have been minimal. Discover's response to Mr. Russo's discovery requests consisted solely of objections and included statements that its responses shall not be construed to constitute a waiver of its right to seek arbitration. Moreover, Discover only served its discovery requests after filing its motion, noting that it would serve the requests only "in an abundance of caution . . . without waiving its right to compel arbitration." Discover's Mot. to Stay Disc. at 3 n.2 (Doc. No. 48).

In its supplemental briefing and after the Court extended the deadlines in this action, defense counsel represented that he advised plaintiff's counsel that he could wait until the Court ruled on this motion to respond to Discover's discovery requests. To the best of the Court's

knowledge, Mr. Russo has yet to respond to Discover's written discovery requests. Nor has the Court been made aware of any depositions.[5] Courts have assessed similarly limited forays into discovery to weigh against a finding of waiver. *See, e.g., Schall*, 2011 WL 294032, at *3 (finding this factor to weigh against waiver when neither party had taken a deposition and the plaintiff produced only twenty pages of documents and responses to interrogatories). The Court likewise finds that this factor weighs against a finding of waiver.

### G. Balancing the Factors

When balancing all of the *Hoxworth* factors, the Court finds that Discover did not waive its right to enforce the parties' arbitration agreement.

### III.   Mr. Russo's Discretion and Inherent Powers Argument

Mr. Russo briefly asserts that the Court should use its discretion and inherent powers to prevent prejudice to all parties, which would purportedly result from moving a portion of this matter, that is, the claim involving Discover only, to arbitration. He contends that litigating this matter on two fronts—this court action (with the other defendants) and arbitration—would slow and frustrate the disposition of the entire matter. But Mr. Russo has failed to articulate any specific facts in support of his claim of hardship. Moreover, it is not an issue that other defendants remain in this action. "The fact that [Mr. Russo] will be required to pursue his claims against different defendants in different fora is not grounds to deny [a motion] to compel arbitration." *Winton v. Trans Union, LLC*, No. 18-5587, 2019 WL 1932342, at *5 (E.D. Pa. May 1, 2019) (citing *CTF Hotel Holdings, Inc. v. Marriott Int'l, Inc.*, 381 F.3d 131, 139 (3d Cir. 2004)). Courts regularly compel individual arbitration for a single defendant in multi-defendant actions. *See e.g., Winton*,

---

[5]   If no depositions have taken place, such a fact "strongly suggests that [Discover's] delay did not prejudice [Mr. Russo.]" Schall, 2011 WL 294032, at *3 (citing *Katel LLC v. AT & T Corp.*, No. 02-2440, 2004 WL 1192072, at *1 (S.D.N.Y. May 28, 2004)).

2019 WL 1932342, at *5; *Fisher v. Trans Union, LLC*, No. 19-679, 2019 WL 2248696, at *1 (E.D. Pa. May 23, 2019); *Progressive Pipeline Mgmt., LLC v. N. Abbonizio Contractors, Inc.*, No. 10-4551, 2011 WL 1343031, at *9 (E.D. Pa. Apr. 7, 2011).

The Court declines to invoke its inherent powers to preclude the enforcement of the parties' arbitration agreement.

## CONCLUSION

In sum, the Court finds that the arbitration agreement is valid and enforceable, that Mr. Russo's claim falls within the scope of the arbitration agreement, and that the totality of the circumstances demonstrate that Discover did not waive its right to invoke arbitration.[6] Accordingly, the Court grants Discover's motion to compel arbitration and stay proceedings as to Discover.[7] An appropriate order follows.

BY THE COURT:

/s/ Gene E.K. Pratter

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[6] In his briefing, Mr. Russo alternatively argues that if the Court deems the agreement enforceable and the right to invoke arbitration not waived, it should order Discover to pay all expenses of arbitration, including the filing, administrative, and hearing fees as well as the fees of the arbitrator and arbitration firm. As Mr. Russo himself points out, the arbitration agreement outlines the procedure by which he can seek Discover's compensation if he cannot afford the costs of arbitration. *See* Wantuch Decl, Ex. B at 3 (Doc. No. 47-2) ("If you wish to begin an arbitration against us but you cannot afford to pay the organization's or arbitrator's costs, we will pay those costs if you ask us in writing. Any request should be sent to Discover, PO Box 30421, Salt Lake City, UT 84130-0421."). In fact, the Court recently rejected a nearly identical request set forth by plaintiff's counsel concerning the same contractual language. *Fisher*, 2019 WL 2248696, at *3 n.3.

[7] Discover broadly requests the Court to stay these proceedings, rather than to stay these proceedings as to Discover. Mr. Russo requests that if it is compelled to go to arbitration, that these proceedings should be stayed as to Discover only. Discover never directly addresses Mr. Russo's request. Nor does it offer any support for the position that the entire action should be stayed. In any event, *Winton*, *Fisher*, and *Abbonizio Contractors* all showcase situations in which this Court granted a motion to compel arbitration and stayed proceedings exclusively as to the moving defendant. In the absence of any argument articulated by Discover as to why the entire action should be stayed, the Court will stay the proceedings as to Discover.